IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. GRAHAM, JR., #133708, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-132-MEF |
| | ) |
| LEON FORNISS, et al., | ) |
| | ) |
|     Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James E. Graham, Jr. ["Graham"], a state inmate, on February 9, 2006.[1] The petition establishes that Graham was convicted of first degree rape, first degree sodomy and first degree sexual abuse by the Circuit Court of Shelby County, Alabama on September 27, 2001. It is these convictions which Graham challenges in the instant habeas petition.

**DISCUSSION**

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Graham attacks

---

[1]. Although the Clerk of this court stamped the present petition "filed" on February 10, 2006, a correctional official noted on the petition that Graham submitted the petition for mailing on February 9, 2006. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of this Recommendation, the court considers February 9, 2006 as the date of filing.

convictions entered against him by the Circuit Court of Shelby County, Alabama. Shelby County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that a transfer of this case to such other court for review and disposition is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before February 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of February, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE